**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

No. 95-50268
(Summary Calendar)

ROBERT AARON WILLIAMS,

Plaintiff-Appellant,

versus

TIMOTHY EARY, An Officer-Co. III,
ET AL.,

Defendants-Appellees.

Appeal from the United States District Court
for the Western District of Texas
(W-94-CA-380)

( August 9, 1995)

Before WIENER, EMILIO M. GARZA and PARKER, Circuit Judges.

PER CURIAM:[*]

In this appeal from a judgment of the district court dismissing his civil rights lawsuit, Plaintiff-Appellant Robert

---

[*]Local Rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the Court has determined that this opinion should not be published.

Aaron Williams, an inmate of the Hughes Unit of the Texas Department of Criminal Justice, Institutional Division (TDCJ), claims that the district court abused its discretion. As defendants in the action, Williams named Correctional Officers Timothy W. Eary and Tommy A. Gober and Captain Raul J. Mata of Hughes Unit. In his 42 U.S.C. § 1983 complaint, Williams sought both money damages and declaratory and injunctive relief, including restoration of "good time" taken from him as a result of the complained-of disciplinary conviction. Finding no reversible error, we affirm.

I

FACTS AND PROCEEDINGS

Williams alleged in his complaint that Officer Gober ordered him to get a haircut, and that after Williams did so, Officer Eary charged him in a disciplinary report "for refusing to cut the top of his hair." Williams asserts first that he did not control the haircut he received and second that he could not correct it because he had to report for work. He also alleged that two other TDCJ officials were of the opinion that the haircut met TDCJ grooming guidelines.

At Williams' disciplinary hearing, Captain Mata found him guilty of a major rule infraction and as punishment took some accumulated "good time" from him. Williams took appeals through the grievance procedure but they were denied.

The magistrate judge ordered Williams to amend his complaint, "to state specific facts demonstrating a constitutional violation."

2

Williams subsequently filed a lengthy document, Part I of which is entitled "Judgment Consideration."  In it he alleged relevant facts in greater detail and he stated various propositions of law.  Williams alleged that he got a haircut as ordered by Gober, but that after he left the barber shop, he was told by Gober that he was "going to drop a dime" on Williams, terminology that Williams purportedly did not understand.  Officer Eary then took over, telling Williams, "I don't like your cut."  Williams replied that it was in accordance with the guideline book.

Eary allegedly told Williams to stand by a wall, but after standing there for about 12 minutes, Williams heard the call to return to work.  Eary told Williams either to go get another haircut or to give Eary his (Williams') ID card; however, Williams decided that going to work was more important, so he did.

A few days later, Eary charged Williams with refusal to obey a direct order.  At the disciplinary hearing, Captain Mata found Williams guilty.  On appeal, the warden upheld the verdict.  The warden found, based on the disciplinary report, that Williams had refused to cut the top of his hair, i.e., to comply with the grooming guidelines.  The warden noted further that Williams "made no request for witnesses at the time of service or during the hearing," and that his evidence was sufficient.

After affirmance by the Regional Director at Step 2, Williams appealed to the Deputy Director.  Williams alleged that he did not disobey the order to get a haircut, but that "[t]he entire ordeal was staged," planned by Gober and Eary.  The Deputy Director

3

denied Williams' appeal for reasons similar to those of the Warden, adding that Williams had the opportunity to present his defense at his hearing.

The district court noted that Williams had "filed a `Judgment Consideration' that appears to be an Amended Complaint," but concluded that it "adds nothing to Plaintiff's previous claims." The court treated this document as Williams' objections to the magistrate judge's report. The court dismissed the action on grounds that Williams' "allegations raise, at best, a defense to the underlying disciplinary charge, i.e.[,] that his violation of the TDCJ rules was unintentional because he had gotten a haircut."

II

ANALYSIS

In Williams' lengthy appellate brief, only a small part of which is relevant, the closest he comes to stating an issue is that he should not have been convicted of the disciplinary violation because he had the right to refuse the second haircut, i.e., his first haircut that day was in accordance with the TDCJ rules. In effect, Williams is contending that the evidence was insufficient to support his disciplinary board conviction. Both in the district court and in his appellate brief, however, he concedes that he violated Officer Eary's order to get a second haircut. Williams' contention lacks merit because his conviction is supported by "some facts," by considerably more evidence than "any evidence at all." See Smith v. Rabalais, 659 F.2d 539, 545 (5th Cir. 1981), cert. denied, 455 U.S. 992 (1982).

4

The only case cited by Williams that is even remotely relevant is Quinn v. Nix, 983 F.2d 115 (8th Cir. 1993). In that case, the court held that the district court's finding that Iowa prison officials did not have a legitimate penological interest in prohibiting shag haircuts was not clearly erroneous. We, however, have upheld TDCJ's grooming code, including the prohibition of inmates' allowing their hair to grow long. Powell v. Estelle, 959 F.2d 22, 23 (5th Cir.), cert. denied, 113 S. Ct. 668 (1992).

Williams states that, at the beginning of his disciplinary hearing, his request for a witness was denied. He does not, however, reveal the name of the proposed witness or the content of the testimony that the witness may have given. Moreover, this allegation is in conflict with the Warden's finding that Williams "made no request for witnesses at the time of service [of the disciplinary report on him] or during the hearing." We will not consider this issue, because Williams has not argued it as an issue in his brief. See Weaver v. Puckett, 896 F.2d 126, 128 (5th Cir.), cert. denied, 498 U.S. 966 (1990).

In an apparent reference to Eary and Gober, Williams asserts that "the two officer[s]" deliberately caused the violation by giving him the Hobson's Choice of either refusing the order to get a haircut or missing work. This is contradicted to some extent by allegations of Williams' amended complaint to the effect that Officer Eary "took over" after Officer Gober told Williams he was "going to drop a dime" on him. Assuming that Williams is now alleging a conspiracy, we shall not address it because Williams did

5

not present such a theory to the district court.[1]  "[I]ssues raised for the first time on appeal are not reviewable by this court unless they involve purely legal questions and failure to consider them would result in manifest injustice."  Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991) (internal quotation marks and citations omitted).

"An in forma pauperis complaint may be dismissed as frivolous [pursuant to 28 U.S.C. § 1915(d)] if it lacks an arguable basis in law or fact."  Eason v. Thaler, 14 F.3d 8, 9 (5th Cir. 1994).  "Dismissal with prejudice [is] appropriate if the plaintiff has been given an opportunity to expound on [his] factual allegations . . . but does not assert any facts which would support an arguable claim."  Graves v. Hampton, 1 F.3d 315, 319 (5th Cir. 1993).

We review § 1915(d) dismissals "utilizing the abuse of discretion standard."  Id. at 317.  When we do so here we conclude that the district court did not abuse its discretion when it dismissed Williams' action with prejudice, because his amended complaint shows that he failed to allege "any facts which would support an arguable claim."  Id. at 319.
AFFIRMED.

---

[1] In his "Judgment Consideration" Williams mentions the terms "plots" and "conspiracy," but they are in a paragraph of gibberish devoid of any factual allegation tending to show a conspiracy.